| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| WASSERMAN, JURISTA & STOLZ, P.C.<br>225 Millburn Avenue - Suite 207<br>P.O. Box 1029<br>Millburn, New Jersey 07041<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>Counsel for Debtor<br>(SCOTT S. REVER-SR1425) | |
| In Re:<br><br>**BASIC LINE, INC.,**<br><br>                              Debtor. | Case no.: 10-11474 KCF<br><br>Judge: Kathryn C. Ferguson |

**ORDER (A) APPROVING POST-PETITION FACTORING AGREEMENT, (B) GRANTING SECURITY INTERESTS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE TREATMENT, AND (C) MODIFYING AUTOMATIC STAY, PURSUANT TO SECTIONS 362 AND 364 OF THE BANKRUPTCY CODE**

The relief set forth on the following pages, numbered two (2) through eight (8) is hereby

**ORDERED.**

Page 2

| | |
|---|---|
| Debtor: | Basic Line, Inc. |
| Case no.: | 10-11474 KCF |
| Caption of Order: | Order (A) approving post-petition factoring agreement, (B) granting security interests and superpriority administrative expense treatment, and (C) modifying automatic stay, pursuant to Sections 362 and 364 of the Bankruptcy Code |

**THIS MATTER**, having been opened to the Court by Basic Line, Inc., the within debtor and debtor-in-possession, by and through its counsel, Wasserman, Jurista & Stolz, P.C., upon motion for entry of an order for inter alia approval of a post-petition factoring agreement between the Debtor and Amerisource Funding, Inc. ("Secured Party") and the granting of security interests under Section 364 of the Bankruptcy Code (the "Motion"), and it appearing that the immediate entry of this order is essential to the continued orderly operation of the Debtor's business and is in the best interest of the Debtor and the Debtor's estate, the following findings of fact are made by the Court; and good and sufficient notice of the hearing on the Motion having been provided in accordance with the Order Shortening Time, previously entered by the Court, as evidenced by the Affidavit of Service filed with the Court; and the Court having considered the Motion, the opposition thereto, if any, and the arguments of counsel; and good cause appearing therefore,

**IT IS ORDERED** as follows:

**I.    FINDINGS OF FACT**

1.    On January 20, 2010, the Debtor filed its voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code.

Page 3

| | |
|---|---|
| Debtor: | Basic Line, Inc. |
| Case no.: | 10-11474 KCF |
| Caption of Order: | Order (A) approving post-petition factoring agreement, (B) granting security interests and superpriority administrative expense treatment, and (C) modifying automatic stay, pursuant to Sections 362 and 364 of the Bankruptcy Code |

2. Debtor and Secured Party are parties to a Purchase and Sale Agreement dated March 24, 2010 (the "Agreement"), a copy of which is annexed as Exhibit A to the Motion, pursuant to which the Debtor seeks to sell its accounts to Secured Party.

3. The Agreement provides for advances by Secured Party to Debtor, so long as such advances do not cause the ratio for Debtor's obligations to Secured Party to the value (as determined in the Agreement) of the Debtor's eligible (as determined in the Agreement) accounts to exceed that set forth in the Agreement (the "Formula").

4. Debtor has offered to sell certain accounts to Secured Party, and Secured Party has agreed to consider purchasing certain accounts from the Debtor pursuant to the terms and conditions of the Agreement.

5. The Debtor, notwithstanding its efforts to do so, is unable to obtain unsecured credit, or other financing other than pursuant to 11 U.S.C. §Section 364(c) and 364(d)(1), and Debtor is unable to obtain credit on terms equal to or more favorable than those proposed by Secured Party.

6. Secured Party has agreed to consider purchasing the Debtor's accounts in accordance with the Agreement in good faith, within the meaning of 11 U.S.C. Section 364(e), and Interested Parties were either notified of the Motion, as evidenced by the affidavit of service, or were present at this Court's hearing on the motion.

Page 4

| | |
|---|---|
| Debtor: | Basic Line, Inc. |
| Case no.: | 10-11474 KCF |
| Caption of Order: | Order (A) approving post-petition factoring agreement, (B) granting security interests and superpriority administrative expense treatment, and (C) modifying automatic stay, pursuant to Sections 362 and 364 of the Bankruptcy Code |

7. Good cause exists for approval of the Agreement, and the entry of this order will minimize disruption of Debtor as a "going concern" and is in the best interest of Debtor, its creditors, and its estate. The terms upon which Debtor is authorized to utilize cash advances are determined as fair under the circumstances.

8. Debtor has provided written notice of the filing of the Motion to the United States Trustee, counsel for the Creditors Committee, all of Debtor's secured creditors, the Internal Revenue Service, and all parties who filed requests for notice (the "Interested Parties"), as evidenced by the affidavit of service previously filed by Debtor's counsel with this court, which notice this Court finds to be appropriate and adequate under Federal Rules of Bankruptcy Procedure 2002 and 4001, and to satisfy the "Notice of hearing Standards" set forth in Section 102(a) of the Bankruptcy Code and as required by Section 364 of the Bankruptcy Code.

## II. ORDER

NOW, upon the application of Debtor for approval of the Agreement, the consent of Debtor and Secured Party to the entry of this Order, and sufficient cause being shown,

IT IS ORDERED AND ADJUDGED AS FOLLOWS:

1. All capitalized terms used in this Order, not otherwise defined herein and unless otherwise indicated, shall have the meaning given them in the Agreement.

Page 5

| | |
|---|---|
| Debtor: | Basic Line, Inc. |
| Case no.: | 10-11474 KCF |
| Caption of Order: | Order (A) approving post-petition factoring agreement, (B) granting security interests and superpriority administrative expense treatment, and (C) modifying automatic stay, pursuant to Sections 362 and 364 of the Bankruptcy Code |

---

2. The Debtor is authorized, effective immediately, to sell and assign its accounts to the Secured party and to accept advances in exchange therefore subject to the terms of the Agreement, and to execute all documents and take all actions to be executed and taken in connection with and in furtherance of all undertakings and obligations thereunder.

3. Debtor is authorized and empowered to incur secured indebtedness to Secured Party pursuant to this Order and the Agreement in such amount as needed in the ordinary course of its business and not for any purpose prohibited by law.

4. Pursuant to Section 364(c)(2) and 364(d)(1) of the Bankruptcy Code, Debtor may grant to Secured Party a security interest in the collateral as set forth in the Agreement effective as of the date of the filing of the Bankruptcy Case ("Collateral") as collateral for all future obligations of the Debtor to Secured Party arising under the Agreement or otherwise, and including Secured Party's attorneys fees and expenses incurred in connection with the negotiation, documentation, closing and enforcement of the Agreement and the protection of Secured Party's rights in this Bankruptcy Case (the "Obligations"). The security interest shall be senior to all other liens except validly perfected pre-petition liens.

5. The Obligations shall constitute a superpriority administrative expense claim under Section 364(c)(1) of the Bankruptcy Code, which shall be deemed allowed, without any further filing by Secured Party, and shall have priority over any and all administrative expenses

Page 6

| | |
|---|---|
| Debtor: | Basic Line, Inc. |
| Case no.: | 10-11474 KCF |
| Caption of Order: | Order (A) approving post-petition factoring agreement, (B) granting security interests and superpriority administrative expense treatment, and (C) modifying automatic stay, pursuant to Sections 362 and 364 of the Bankruptcy Code |

of the kind specified in Sections 503(b) and 507(b) of the Bankruptcy Code with priority equal to that of professionals employed by the Debtor and Creditors Committee. Secured Party shall not object to payment of interim fees to such professionals.

6. For administrative convenience, Secured Party may record the pre-petition transaction and the post-petition transactions arising under the Agreement in one account, and apply payments on a "first in, first out" basis.

7. The liens granted to Secured Party herein are deemed validly granted, duly attached, and properly perfected, without the need of any additional actions being taken by or on behalf of Secured party, including but not limited to, the filing or recording of Uniform Commercial Code financing statement; providing, however, that in the event Secured Party does make such a filing or recordation, Debtor shall execute all documents required by Secured party to do so.

8. Secured Party shall be the owner of accounts purchased under the Agreement and the purchased accounts and all proceeds therefrom shall be the sole property of Secured Party, and will not, when purchased by Secured Party, constituted property of the estate, and shall be free and clear of any claims, subject to the Debtor's right to repurchase set forth in the agreement.

Page 7

| | |
|---|---|
| Debtor: | Basic Line, Inc. |
| Case no.: | 10-11474 KCF |
| Caption of Order: | Order (A) approving post-petition factoring agreement, (B) granting security interests and superpriority administrative expense treatment, and (C) modifying automatic stay, pursuant to Sections 362 and 364 of the Bankruptcy Code |

9. Nothing in the Agreement, or any of the documents executed and taken in connection with the post-petition factoring, or this order, shall give this court the authority to require Secured Party to purchase accounts from the Debtor and make advances therefore, such being the sole discretion of Secured Party.

10. Secured Party is hereby afforded the protection of Section 364(e) of the Bankruptcy Code with regard to the reversal of modification on appeal of this order, or to the modification, vacating, or other amendment of this Order by this Court.

11. To the extent that any provision of the Agreement shall cause Debtor to be in default thereunder solely as a result of it being subject to the Bankruptcy Code or it being insolvent, said provision are waived by Secured Party.

12. Debtor shall not grant to any party any interest in the Collateral or priority in payment prior to or equal with the lien or priority in payment hereby being accorded to Secured party.

13. The entry of this order and execution, delivery and performance under the Agreement, or any other documents executed in connection therewith, do not constitute a compromise, waiver or other relinquishment of any right of Secured Party at law, in equity or otherwise, including, but not limited, any right of Secured Party to request and to obtain relief under the Bankruptcy Code.

Page 8

| | |
|---|---|
| Debtor: | Basic Line, Inc. |
| Case no.: | 10-11474 KCF |
| Caption of Order: | Order (A) approving post-petition factoring agreement, (B) granting security interests and superpriority administrative expense treatment, and (C) modifying automatic stay, pursuant to Sections 362 and 364 of the Bankruptcy Code |

14. The automatic stay provisions of 11 U.S.C. §Section 362 are lifted and terminated to enable Secured Party to implement the provisions of this order and otherwise thereby permitting Secured party to demand and receive collections on account of Collateral, and to apply those collections to the Obligations.

15. Debtor may not use any of Secured Party's "cash collateral" as such term is defined in the Bankruptcy Code. Accordingly any cash collateral hereafter coming to Debtor's possession shall be paid to Secured Party immediately upon Debtor's receipt.

16. The Debtor will not seek to surcharge the Secured Party or its collateral with any expenses of the type described in Section 506(c) of the Bankruptcy Code unless it obtained Secured Party's prior written consent to the incurrence of such expenses.